IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CT-3318-FL

| JAMES ANTHONY MAY, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | ORDER |
| GEORGE T. SOLOMON, CLAUDETTE EDWARDS, LIEUTENANT T. SMITH, DR. E.G. LAND, and MINNIE KIMBLE, | ) | |
| Defendants. | ) | |

The matter is before the court for frivolity review pursuant to 28 U.S.C. § 1915. Also before the court is plaintiff's pleading captioned "Motion Affidavit of Facts" (DE 8), which the court construes as a motion to amend his complaint pursuant to Federal Rule of Civil Procedure 15.

A.      Motion to Amend

Plaintiff's motion to amend is ALLOWED as a matter of course. See Scinto v. Stansberry, 507 F. App'x 311, 312 (4th Cir. 2013) ("[T]he doctrine of futility only applies when the plaintiff seeks leave of court to amend and does not have a right to amend. The plaintiff's right to amend once is absolute.") (quotation omitted). The court now turns to its frivolity review of plaintiff's complaint and amended complaint.

B.   Frivolity Review

Section 1915 provides that courts shall review complaints in which prisoners seek relief from a governmental entity or officer and dismiss such complaints when they are "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be found frivolous because of either legal or factual deficiencies. First, a complaint is frivolous where "it lacks an arguable basis . . . in law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are based on an "indisputably meritless legal theory" and include "claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (quoting Neitzke, 490 U.S. at 327). Under this standard, complaints may be dismissed for failure to state a claim cognizable in law, although frivolity is a more lenient standard than that for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Neitzke, 490 U.S. at 328. Second, a complaint may be frivolous where it "lacks an arguable basis . . . in fact." Id. at 325. Section 1915 permits federal courts "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Denton v. Hernandez, 504 U.S. 25, 32 (1992) (citing Neitzke, 490 U.S. at 327).

Plaintiff filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983 against defendants Dr. E.G. Land ("Land"), a physician at Odom Correctional Center ("Odom"), Director of Prisons George T. Solomon ("Solomon"), Odom Superintendent Claudette Edwards ("Edwards"), Lieutenant T. Smith ("Smith"), and Odom Superintendent for Programs Minnie Kimble ("Kimble"). Plaintiff, in his complaint, alleges the following:

> On October 14, 2014, I was seen by a nurse concerning my lower back and the bottom of my feets pain–the nurse schedule me to see the doctor on October 20, 2014. On October 20, 2014, I was call to medical to see the Dr. Land concerning the medical condition I addressed to the nurse on October 16, 2014. Once I was seen by the Dr. Land he demanded to have a genital exam on my private parts by

2

> using the left hand to hold my (penis) and use the right hand to my (scrotum) without wearing medical gloves. A nurse Ms. Kennedy were present in the medical office doing paperwork at a desk. Dr. Land never asked Nurse Kennedy for any medical glove by placing his left hand holding my (penis) and the right hand was holding my (scrotum) in his hand. On October 20, 2014, I placed "Emergency Grievance" inside facility mail box addressed to Ms. Claudette Edwards, which she should have received my complaint on October 21, 2014, or no latest than October 22, 2014. Once my emergency grievance was received by Ms. Claudette Edwards (superintendent) immediately action was not taken according to the day's lieutenant Smith started his investigation on October 25, 2014 the day he spok[e] with me for additional information in reference to the sexual abuse I filed against Dr. Land Defendant Claudette Edwards who refused to forward my emergency grievance to the appropriate region director for review once my complaint was completed. . . . .

(Compl. pp. 3-4.)

After filing his complaint, plaintiff submitted an amended complaint in which he alleges that he received a disciplinary incident report on December 10, 2014, for an offense that occurred at Odom on December 4, 2014. Plaintiff, then received a second disciplinary incident report on December 14, 2014, which stated: "On 12/4/204 approx., 2:30 p.m., [an Odom staff member] received information from an confidential sources that has been used in the past and proven to be reliable that James May was involved with Green Dot Cards." (Am. Compl. p. 2.)

On January 8, 2015, plaintiff was transferred from Odom to Green Correctional Institution ("Green"). Plaintiff states that prison officials at Odom waited over three months to notify the superintendent at Green of plaintiff's disciplinary incident report. Plaintiff states that he then was coerced into pleading guilty to the disciplinary offense at issue on March 18, 2015, and placed on "lock up." (Id.)

Finally, plaintiff alleges that "the reason [he] was transfer to Green [] base on both prison conspiring together knowing by prison officials plaintiff civil claim against Dr. Land who treating

3

inmates at Green []." (Am. Compl. p. 3.) Plaintiff additionally states that he next will be transferred to Wake Correctional Center. The court now will address plaintiff's claims in turn.

1) Sexual Assault

Plaintiff alleges Land sexually assaulted him in violation of the Eighth Amendment to the United States Constitution. "In order to make out a *prima facie* case that prison conditions violate the Eighth Amendment, a plaintiff must show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials. " Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (internal quotation omitted)). The first prong is an objective one–the prisoner must show that "the deprivation of [a] basic human need was *objectively* sufficiently serious"–and the second prong is subjective–the prisoner must show that "*subjectively* the officials act[ed] with a sufficiently culpable state of mind." See Strickler, 989 F.2d at 1379 (internal quotations omitted).

The court, in this case, focuses its inquiry on the second prong of the Eighth Amendment test–whether defendant Land acted with deliberate indifference. "Deliberate indifference entails something more than mere negligence, . . . [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." See Farmer v. Brennan, 511 U.S. 825, 835 (1994). It requires that a prison official actually know of and disregard an objectively serious condition or risk of harm. Id. at 837; Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995).

"[S]exual or other assaults are not a legitimate part of a prisoner's punishment, and the substantial physical and emotional harm suffered by a victim of such abuse are compensable injuries" under the Eighth Amendment. See Berryhill v. Schriro, 137 F.3d 1073, 1076 (8th Cir.

4

1998).  To be actionable, the alleged sexual contact must be incompatible with "contemporary standards of decency."  Helling v. McKinney, 509 U.S. 25, 32 (1993).  The plaintiff, additionally, must allege facts beyond merely his "own perceptions" to demonstrate "that the unwanted sexual touching had some sexual aspect to it."  See Wolf v. Cooper, No. 8:08-CV-869, 2009 WL 2929438, at *3 (D.S.C. Sept. 2, 2009); see Berryhill, 137 F.3d at 1076–77 (finding that civilian maintenance worker's brief touch to inmate's buttocks and not accompanied by any sexual comments or banter was not actionable as a sexual assault claim under § 1983); Hughes v. Smith, 237 F. App'x 756, 759 (3d Cir. 2007) (finding no Eighth Amendment violation arising from allegation that correctional officer, who had previously made sexual comments to the plaintiff inmate, allegedly touched plaintiff's testicles through his clothing during a single pat-down frisk) (citation omitted); Jackson v. Madery, 158 F. App'x 656, 661-62 (6th Cir. 2005) (finding allegation of rubbing and grabbing of inmate's buttocks in a degrading manner did not amount to an Eighth Amendment violation); see also, Ellis v. Elder, No. 7:08-cv00642, 2009 WL 275316, at *3 (W.D. Va. Feb. 4, 2009) ("In stating such a claim, however, the inmate must allege facts on which he could prove that the unwanted touching had some sexual aspect to it; his own perceptions alone that the contact was of a sexual nature are not sufficient.").

Finally, isolated incidents of inappropriate touching in the prison context generally do not violate the Eighth Amendment.  See Boddie v. Schneider, 105 F.3d 857, 861 (2d Cir. 1997) ("[I]solated episodes of harassment and touching . . . are despicable . . . But they do not involve a harm of federal constitutional proportions as defined by the Supreme Court.") (citing Farmer, 51 U.S. at 833-844).

5

In this case, plaintiff has not alleged that defendant Land's medical examination had any sexual aspect to it or that defendant Land intended the contact to be sexual. Further, the single touching of plaintiff's genital area in the course of a medical examination is not sufficient to satisfy the second prong of the Eighth Amendment test. Thus, because plaintiff has failed to allege facts sufficient to satisfy the subjective prong of the Eighth Amendment test, his claim against Land is DISMISSED without prejudice for failure to state a claim.[1]

2. Administrative Process Claims

Plaintiff alleges several administrative-process-related claims. The court begins with plaintiff's allegation that defendants Edwards and Smith violated his constitutional rights in the course of processing plaintiff's inmate grievance through the North Carolina Department of Public Safety's administrative remedy procedure. Plaintiff, however, does not have a constitutional right to have available or to participate in an effective grievance process. See Adams, 40 F.3d at 75; see also, Oliver v. Myers, No. 5:7:08-CV-558, 2008 WL 5212409, at *4 (W.D. Va. Dec. 12, 2008) (stating that "because state grievance procedures are separate and distinct from state and federal legal procedures, an institution's failure to comply with state grievance procedures does not compromise its inmates' right of access to the courts") (citation omitted), appeal dismissed, 335 F. App'x 317 (4th Cir. 2009). Further, even if available, a prison grievance procedure does not confer any substantive right upon inmates. Adams, 40 F.3d at 75; see also, Bradley v. Wheeler, No. 1:09cv371, 2009 WL 2634753, *4 (E.D. Va. Aug. 25, 2009). Thus, plaintiff failed to allege an Eighth Amendment claim against Edwards or Smith.

---

[1] To the extent plaintiff brings a supervisor liability claim against defendant Solomon, plaintiff fails to state a claim because the court has determined that plaintiff's underlying allegations of sexual assault against Land fail to state a claim.

To the extent plaintiff contends that defendants Edwards or Smith violated his rights pursuant to the Due Process Clause of the Fourteenth Amendment to the United States Constitution because they violated prison policies, plaintiff again fails to state a claim. The mere violation of a prison regulation does not automatically rise to the level of a constitutional violation cognizable under § 1983. Sandin v. Conner, 515 U.S. 472, 481-84 (1995) (stating that prison regulations are primarily designed to guide correctional officials in the administration of a prison and not designed to confer rights on inmates); Weller v. Dep't of Social Servs., 901 F.2d 387, 392 (4th Cir. 1990); Williams v. Benjamin, 77 F.3d 756, 766, n.5 (4th Cir. 1996) (finding that even if the guards were found to have violated the prison's four-point-restraint policy, the plaintiff would not automatically prevail on his Eighth Amendment claim). Here, this court already has determined that plaintiff is unable to state a constitutional claim for his sexual assault based allegations or his claim related to processing his administrative grievance. Plaintiff's only remaining claim is the alleged policy violation. Because violation of policy alone does not rise to the level of a constitutional violation, plaintiff has not alleged facts sufficient to state a constitutional claim.

Finally, to the extent plaintiff alleges violations of the Prison Rape Elimination Act ("PREA"), "[n]othing in the PREA suggests that Congress intended to create a private right of action for inmates to sue prison officials for noncompliance with the Act." De'lonta v. Clarke, No. 7:11-CV-00483, 2012 WL 4458648, at *3 (W.D. Va. Sept. 11, 2012) (collecting cases), appeal dismissed, No. 12-7634, 2012 WL 6701099 (4th Cir. Dec. 27, 2012) (per curiam). Thus, the court dismisses any claim which asserts a violation of PREA.

3.   Retaliation

Plaintiff asserts a claim of retaliation in his amended complaint. Plaintiff's amended complaint is not a model of clarity, and it is difficult to discern the basis of plaintiff's retaliation claim. It appears plaintiff contends that prison officials transferred him from Odom to Green Correctional Institution in retaliation for filing the instant lawsuit against defendant Land.

Claims of retaliation are treated with skepticism in the prison context. Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir.1996). For an inmate to state a colorable claim of retaliation, the alleged retaliatory action must have been taken with regard to the exercise of some constitutionally protected right, or the retaliatory action itself must violate such a right. Adams, 40 F.3d at 75. Moreover, in a retaliation action alleging First Amendment violations, a plaintiff must establish that the conduct complained of adversely affected his constitutional rights. ACLU v. Wicomico County, 999 F.2d 780, 785 (4th Cir.1993). Additionally, a plaintiff must allege specific facts supporting the claim of retaliation; bare assertions of retaliation do not establish a claim of constitutional dimension. Adams, 40 F.3d at 74–75.

As an initial matter, plaintiff's transfer from Odom to Green did not violate plaintiff's constitutional rights because an inmate has no constitutional right to choose his place of incarceration. See Meachum v. Fanno, 427 U.S. 215, 225 (1976); Johnson v. Ozmint, 456 F. Supp. 2d 688, 695 (D.S.C. 2006) (citing Ajaj v. Smith, 108 F. App'x 743, 744 (4th Cir. 2004) (per curiam)). Further, plaintiff's only factual support for his retaliation claim is his conclusory allegations that the decision to transfer plaintiff from Odom to Green was made in retaliation for filing the instant lawsuit. Plaintiff provides no facts to suggest that the two incidents were related. These conclusory allegations of retaliation are insufficient to allege a constitutional violation.

8

Adams, 40 F.3d at 74. Thus, the court DISMISSES this claim without prejudice pursuant to § 1915(e)(2)(B)(ii).

  4.  Challenge to Disciplinary Convictions

To the extent plaintiff seeks in his amended complaint to allege claims arising out of his March 2015,[2] disciplinary conviction, such claims arose after plaintiff commenced the original action on December 18, 2014. The Prison Litigation Reform Act ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . , or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford v. Ngo, 548 U.S. 81, 83–85 (2006); Porter v. Nussle, 534 U.S. 516, 524 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter, 534 U.S. at 532; see Jones v. Bock, 549 U.S. 199, 211 (2007). A prisoner must exhaust administrative remedies regardless of the relief offered through administrative procedures. See Booth v. Churner, 532 U.S. 731, 740–41 (2001). "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." Jones, 549 U.S. at 211. Filing suit before exhausting administrative remedies dooms the action. See, e.g., Ford v. Johnson, 362 F.3d 395, 398–99 (7th Cir. 2004); Johnson v. Jones, 340 F.3d 624, 627–28 (8th Cir. 2003).

When an inmate files suit early, courts typically dismiss the action without prejudice. See, e.g., Hayes v. Stanley, No. 06-6475, 2006 WL 3147498, at *1 n.1 (4th Cir. Oct. 31, 2006) (per curiam); Ford, 362 F.3d at 401; Johnson v. Cannon, C.A. No. 4:08-776-PMD, 2010 WL 936706, at

---

[2] Plaintiff states that he initially was notified of the alleged disciplinary charge on December 10, 2014. (Am. Compl. p. 2.) Plaintiff then was transferred to Green on January 8, 2015, and prison officials at Odom waited over three months to notify Green prison officials of plaintiff's disciplinary report. (Id.) Plaintiff ultimately pleaded guilty, under alleged threat of coercion, to the disciplinary offense on March 18, 2015. (Id.)

9

*8 (D.S.C. Mar. 15, 2010), aff'd, 390 F. App'x 256 (4th Cir. 2010) (per curiam). A dismissal without prejudice allows the prisoner an opportunity to exhaust the administrative process and then file a new suit, if the prisoner so chooses. Accordingly, because plaintiff failed to exhaust the claims related to his March 2015, disciplinary convictions, the court dismisses these claims without prejudice.

In summary, plaintiff's motion to amend (DE 8) is GRANTED. Plaintiff's challenge to his disciplinary convictions is DISMISSED without prejudice to allow him the opportunity to exhaust his administrative remedies for such claims. The remainder of plaintiff's action is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 11th day of May, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge